# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEVEN RAY WOOD**
**ADC #181264**                                                                                                       **PLAINTIFF**

V.                            NO. 4:24-cv-01112-BRW-ERE

**ROOSEVELT BARDEN,** *et al.*                                                                      **DEFENDANTS**

## ORDER

*Pro se* plaintiff Steven Ray Wood, and Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Wood's complaint alleges that Major Roosevelt Barden, Lieutenant Laquista Swopes, and Lieutenant Edward O'Connner have opened his legal mail. However, Mr. Wood does not explain whether the legal mail in question came from his attorney. A prisoner's privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). As a result, as stated, Mr. Wood's complaint fails to state a plausible constitutional claim for relief against Defendants for interference with legal mail. However, rather than screen the complaint and recommend dismissal of those claims, the Court will postpone the screening process to give Mr. Wood the opportunity to file an amended complaint clarifying his constitutional claims.[1]

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer,

Mr. Wood has thirty days to file an amended complaint. If Mr. Wood files an amended complaint, he should specifically explain what "legal mail" each Defendant opened.

Mr. Wood's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Wood should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Wood should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Wood's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Wood need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

---

or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Mr. Wood may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Wood fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Wood's complaint and termination of this case.

5. The Clerk is instructed to provide Mr. Wood a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

DATED 19 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE