# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

STEVEN RAY WOOD                                                            PLAINTIFF
ADC #181264

V.                  NO. 4:24-cv-01112-LPR-ERE

ROOSEVELT BARDEN, *et al.*                              DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

*Pro se* plaintiff Steven Ray Wood, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Docs. 2, 11*. Mr. Wood's original and amended complaints allege that Defendants Roosevelt Barden, Laquista Swopes, and Edward O'Conner interfered with his legal mail. Mr.

Wood is currently proceeding on First Amendment claims against these Defendants in their individual capacities.[1]

Defendants have filed a motion for summary judgment, brief in support, and statement of facts, arguing that Mr. Wood failed to exhaust his administrative remedies as to his pending claims before filing this lawsuit. *Docs. 30, 31, 32*. Mr. Wood has filed a response (*Doc. 34*) to Defendants' motion, which is now ripe for review.

For the reasons stated below, I recommend granting Defendants' motion for summary judgment (*Doc. 30*).

### III. <u>Discussion</u>:

#### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*,

---

[1] The Court previously dismissed Mr. Wood's official capacity claims for money damages against these Defendants. *Doc. 14*.

340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). To resolve the exhaustion question, the Court must determine: (1) what administrative remedies the ADC made available to inmates to bring and resolve claims; and (2) whether Mr. Wood complied with his available administrative remedies.

B.  **The ADC Grievance Procedure**

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 30-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate

3

Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 13*.

To complete the exhaustion process before bringing this lawsuit, Mr. Wood was required to present his claim against all Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

C. **Mr. Wood's Grievance History**

Defendants submit the declaration of ADC Assistant Inmate Grievance Coordinator Lakesha Lee in support of their motion. *Doc. 30-1*. Ms. Lee states that she reviewed Mr. Wood's grievance history and determined that that Mr. Wood filed one grievance relevant to his pending claims, VU-24-386. *Id. at 7*.

On December 5, 2024, Mr. Wood submitted grievance VU-24-386. In that grievance, Mr. Wood complained that on November 22, November 25, November 27, and November 29, Major Roosevelt Barden, Captain Jones, Captain Madden,

and Lieutenant Suber violated his constitutional rights by denying him access to his legal mail. *Doc. 30-4 at 3*.

On December 18, 2024, Mr. Wood filed this lawsuit. *Doc. 2*. He did so without waiting for a resolution to his then pending grievance.

On December 31, 2024, the Warden found Mr. Wood's grievance to be without merit. *Id. at 4*.

On January 3, 2025, Mr. Wood appealed the grievance decision to the Assistant and/or Deputy Director. *Id*.

On February 11, 2025, the Director found Mr. Wood's grievance appeal to be without merit. *Id. at 6*.

Although Mr. Wood fully exhausted the claims raised in grievance VU-24-386, he failed to fully exhaust his claims raised in that grievance *before* filing this lawsuit as required by the PLRA.

In his response to Defendants' motion, Mr. Wood argues the grievance process was unavailable to him because ADC officials failed to properly process his grievance. *Doc. 34 at 6*. However, Mr. Wood fails to include any facts to support this allegation.[2]

---

[2] Mr. Wood includes in his response a unit level grievance dated December 26, 2024, six days after he filed this lawsuit. *Doc. 34 at 5*. But Mr. Wood fails to explain how a grievance he filed *after* he filed this lawsuit has any bearing on whether ADC officials precluded him from fully exhausting his administrative remedies before he initiated a federal lawsuit. There is no evidence they did. Instead, the evidence suggests that Mr.

5

According to Mr. Wood's grievance papers, the Warden received Mr. Wood's grievance appeal on December 6, 2025. The ADC's grievance policy allowed the Warden "20 working days" to respond to Mr. Wood's grievance. *Doc. 30-2 at 11*. A "working day" is defined in the policy as "Monday through Friday, excluding state observed holidays." *Id. at 2*.

Taking judicial notice of the 2024 calendar, December 6, 2024, was a Friday. *Allen Beth Inc. v. Waste Connections US, Inc.*, 688 F. Supp. 3d 841, 844 (E.D. Ark. 2023) (taking judicial notice of the calendar). Excluding weekends as well as Christmas Day and New Year's Day, the Warden had at least until Tuesday, January 7, 2025, to respond to Mr. Wood's grievance appeal. As stated above, the Warden timely issued his appeal decision on December 31, 2025.

In addition, on January 21, 2025, ADC officials notified Mr. Wood that the Chief Deputy/Deputy/Assistant Director would respond to his grievance appeal by March 5, 2025. *Doc. 30-4 at 5*. On February 11, 2025, the Director timely issued his decision. *Id. at 6*.

On this record, there is no genuine issue of material fact on the threshold question of whether Mr. Wood fully exhausted his pending claims by asserting them in the ADC's grievance process and fully exhausting all available remedies against

---

Wood abandoned the pending grievance process without waiting on a response to his grievance or completing all three steps of the process.

Defendants *before* bringing this lawsuit. Nor is there any evidence ADC officials hindered Mr. Wood's access to the grievance procedure. As a result, Defendants are entitled to judgment as a matter of law.

IV. **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 30*) be GRANTED.

2. Mr. Wood's claims be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk be instructed to close this case.

DATED 23 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE